## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF VIRGINIA
## BIG STONE GAP DIVISION

**LINDA L. DICKENSON**,    )
    Plaintiff,    )    Civil Action No. 2:10cv00082
    )
    )
v.    )    **REPORT AND**
    )    **RECOMMENDATION**
    )
    )
**CAROLYN W. COLVIN**,[1]    )
**Commissioner of Social Security**,    )    By: PAMELA MEADE SARGENT
    Defendant.    )    UNITED STATES MAGISTRATE JUDGE

In this social security action, I am asked to rule on a motion for an attorney's fee, (Docket Item No. 18) ("the Motion"). This case is before the undersigned magistrate judge by referral pursuant to 28 U.S.C. § 636(b)(1)(B). As directed by the order of referral, the undersigned now submits the following report and recommended disposition.

Linda L. Dickenson filed this action challenging the final decision of the Commissioner of Social Security, ("Commissioner"), denying her claim for a period of disability and disability insurance benefits, ("DIB"), under the Social Security Act, as amended, ("Act"), 42 U.S.C.A. § 423. (West 2011). Jurisdiction of this court exists pursuant to 42 U.S.C. § 405(g). The Commissioner answered the suit, filing the administrative record. By order dated February 8, 2012, the

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Federal Rules of Civil Procedure Rule 25(d), Carolyn W. Colvin is substituted for Michael J. Astrue as the defendant in this suit.

court adopted the undersigned's Report and Recommendation, thereby vacating and remanding the Commissioner's final decision denying benefits pursuant to the fourth sentence of 42 U.S.C. § 405(g) for further consideration. (Docket Item No. 17.) Counsel for Dickenson now has filed a petition seeking approval of a fee of $1,327.00 for representing Dickenson in this court, pursuant to 42 U.S.C.A. § 406(b). (Docket Item No. 18.) The Commissioner has responded to the Motion, not objecting to the plaintiff's request for a fee or to the amount requested.[2] (Docket Item No. 20.)

In proceedings under title II of the Act, the court is authorized to determine and allow a "reasonable [attorney's] fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled . . . ." 42 U.S.C.A. § 406(b)(1)(A) (West 2011). The Fourth Circuit, construing the legislative history, has held that the 25 percent limit includes any separate fee authorized by the Commissioner for services rendered in the administrative proceedings. *See Morris v. Soc. Sec. Admin.,* 689 F.2d 495, 497 (4th Cir. 1982) (per curiam).

The Supreme Court has held that a district court, in determining a fee under § 406(b)(1)(A), must consider the fee arrangement between the client and the attorney, including a contingency fee arrangement, as the first step in testing the requested fee for reasonableness. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 808 (2002). Dickenson's counsel has provided the court with a copy of the Social Security Administration's February 16, 2013, Award Notice, which states that Dickenson was owed $28,308.00 in past-due benefits and that it had withheld

---

[2] The court notes that the Commissioner, in her response, mistakenly approaches this Motion as one made pursuant to the EAJA. However, I find that this makes no difference to the ultimate disposition of the Motion.

$7,327.00, or 25 percent, from those past-due benefits for payment of an attorney's fee.  (Attachment 1 to Docket Item No. 18).

Also, in determining a reasonable fee, courts should consider whether counsel's actions contributed to a delay allowing an accumulation of past due benefits or whether the benefits awarded are large in comparison to the amount of time expended by the attorney.  *See Gisbrecht*, 535 U.S. at 808.  Furthermore, it appears proper for the court to consider the so-called "lodestar" method of fee determination, whereby a reasonable fee is determined by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate, to assess the reasonableness of the agreed fee.  *See Gisbrecht*, 535 U.S. at 801-02 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) ("[t]he most useful starting point for [court determination of] the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate"); *see also Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).  Also, the fee petitioner bears the burden of justifying a requested fee.  *See Blum v. Stenson,* 465 U.S. 886, 896 n.11 (1984).

In the present case, counsel has not supplied any evidence other than the itemized time spent in the proceedings in this court.  Plaintiff's counsel has not suggested an hourly rate for the work performed, nor has the Commissioner suggested what hourly rate would result in a proper fee.  Counsel also has not divided the time expended into attorney time and nonattorney time.  Dividing the requested $1,327.00 fee by 17.25 hours results in an hourly rate of $76.93.

The court further notes, however, that "it is not proper to award a full attorney rate for activities that should more effectively be performed by

nonlawyers." *Chapman v.* Astrue, 2009 WL 3764009, at *1 (W.D. Va. Nov. 9, 2009) (citing *Spell v. McDaniel*, 824 F.2d 1380, 1401-02 (4th Cir. 1987)). Additionally, "purely clerical tasks are ordinarily part of a law office's overhead and should not be compensated for at all." *Chapman*, 2009 WL 3674009, at *1 (citing *Keith v. Volpe*, 644 F. Supp. 1312, 1316 (C.D. Cal. 1986)). In *Chapman*, this court found that it is proper to award a reduced hourly rate for nonattorney time spent "on the theory that their work contributed to their supervising attorney's work product, was traditionally done and billed by attorneys, and could be done effectively by nonattorneys under supervision for a lower rate, thereby lowering overall litigation costs." 2009 WL 3764009, at *1 (quoting *Cook v. Brown*, 68 F.3d 447, 453 (Fed. Cir. 1995)).

Keeping these principles in mind, an examination of the itemized record submitted by counsel in this case makes clear that some of the time should be reduced or eliminated. Additionally, there are other billed activities that would more appropriately have been included at a nonattorney rate or are excessive. Plaintiff's counsel has claimed 2.5 hours for preparation of the Complaint, Summons and Civil Cover Sheet, .50 hour for filing the Complaint, Summons and IFP Application and .25 hour for review of the IFP Order. I will allow 1.00 hour of attorney time and .25 hour of paralegal time for these activities combined. Counsel claims .25 hour for sending a certified receipt letter to General Counsel enclosing the Complaint and Summons, .25 hour for sending a certified receipt letter to the Attorney General enclosing the Complaint and Summons and .25 hour for sending a certified receipt letter to the U.S. Attorney for the Western District of Virginia enclosing the Complaint and Summons. I will allow .25 hour of paralegal time for these activities combined. Counsel also claims .25 hour for filing the return receipts for the certified letters from the Attorney General and General

Counsel and .25 hour for filing the return receipt for the certified letter from the U.S. Attorney for the Western District of Virginia. I will allow .25 hour of paralegal time for these activities combined. Counsel claims .50 hour for preparation of the service of process and .25 hour for filing the same with the court. I will allow .50 hour of paralegal time for these activities combined. Counsel claims .25 hour for reviewing the Briefing Notice and 1.00 hour for reviewing the Defendant's Answer and Motion for Summary Judgment.[3] The Briefing Notice is a standard one-page document filed in all Social Security cases, noting the due date for the plaintiff's brief. I will allow .25 hour of paralegal time and .25 hour of attorney time for these activities combined. Counsel claims 8.00 hours for preparation of the Summary Judgment Brief and .25 hour for filing the Brief with the court. A review of the Brief submitted in connection with the plaintiff's Motion for Summary Judgment in this case reveals that there were no novel or complex issues involved, and the medical facts do not appear to be based on voluminous medical records. I will allow 5 hours of attorney time and .25 hour of paralegal time for these activities combined. Counsel claims 1.00 hour for review of the Defendant's Motion for Summary Judgment and Brief. I find this request reasonable. Counsel claims .50 hour for reviewing the Order adopting the Report and Recommendation and 1.00 hour for preparation of the fee petition for work performed before the court. The Order adopting the Report and Recommendation is two pages in length, the second of which contains only the date and signature of the district judge. I will allow 1.00 hour of paralegal time and .25 hour of attorney time for these activities combined.

---

[3] Although counsel states that he is seeking this time for reviewing the "Motion for Summary Judgment," the court believes this is a mistake and thinks what counsel meant to seek this time for was the review of the Administrative Transcript. The court has formed this belief because counsel sought this time in connection with review of the Answer, and because counsel later seeks time for review of the defendant's Motion for Summary Judgment.

Based on the revisions stated above, the fee computation is divisible into two categories of costs: attorney time and nonattorney time. There are a total of 7.5 hours of attorney time and a total of 2.75 hours of nonattorney time. This court has held that an award of $75 per hour is fair compensation under the circumstances for such nonattorney time. *See Chapman*, 2009 WL 3764009, at *2 (citing *Alexander S. v. Boyd*, 113 F.3d 1373, 1377 n.1 (4th Cir. 1997) (paralegal services compensated at $65 per hour where lead counsel compensated at $225 per hour and associate counsel at $100 per hour). That being the case, the nonattorney time charges in this case total $206.25. Subtracting this amount from the $1,327.00 fee requested, results in a remaining amount of $1,120.75. Dividing the $1,120.75 by the 7.5 hours of attorney time yields an hourly rate of approximately $149.43, which I find to be a reasonable hourly rate. That being the case, I recommend that the court award the requested attorney's fee in the amount of $1,327.00.

## RECOMMENDED DISPOSITION

For the foregoing reasons, I recommend that plaintiff's counsel be awarded an attorney's fee under 42 U.S.C. § 406(b) for representing Dickenson in this court. Therefore, I recommend that the court grant the Motion and enter judgment awarding the plaintiff's attorney a fee of $1,327.00.

## <u>Notice to Parties</u>

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C) (West 2006 & Supp. 2013):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written

objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

DATED: October 4, 2013.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE